**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000471
27-JUL-2012
08:25 AM**

NO. CAAP-12-0000471

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MICHAEL C. TIERNEY, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 12-1-0011; CR. NO. 08-1-0869)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) the supreme court's June 14, 2012 order granting petition for writ of mandamus in Appeal No. SCPW-12-0000533 and (2) the record, it appears that we lack appellate jurisdiction over this appeal in CAAP-12-0000471 by Petitioner-Appellant Michael C. Tierney (Appellant Tierney) from the circuit court proceedings in S.P.P. No. 12-1-0011, in which the Honorable Richard K. Perkins is presiding over Appellant Tierney's petition

for post-conviction relief pursuant to Rule 40 of the Hawai'i Rules of Penal Procedure (HRPP), because the circuit court has not yet entered a final order that resolves all of the issues in Appellant Tierney's HRPP Rule 40 petition for post-conviction relief.

"According to HRPP [Rule] 40(h), appeals from proceedings for post-conviction relief may be made from a judgment entered in the proceeding and must be taken in accordance with Rule 4(b) of the Hawai'i Rules of Appellate Procedure (HRAP)." Grattafiori v. State, 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995) (internal quotation marks and brackets omitted). Under HRAP Rule 4(b)(1), a party may file a notice of appeal "within 30 days after the entry of the judgment or order appealed from." HRAP Rule 4(b)(1). Under HRAP Rule 4(b)(4), a party may file a notice of appeal "after the announcement of a decision, sentence or order but before entry of the judgment or order[.]" HRAP Rule 4(b)(4). Nevertheless, HRAP Rule 4(b) requires the entry of a written judgment or written order, and HRAP Rule 4(b)(3) provides that "[a] judgment or order is entered within the meaning of this subsection when it is filed with the clerk of the court." HRAP Rule 4(b)(3). Consequently, it is the general rule that "an appeal in a criminal case is permitted only after a final judgment of the circuit court has been rendered." State v. Baranco, 77 Hawai'i 351, 353, 884 P.2d 729, 731 (1994). "While [the supreme court] treat[s] an appeal as timely where a defendant has filed his or her notice of appeal after the [circuit] court has announced an oral decision but before the

-2-

entry of a written order or judgment, . . . [the supreme court] cannot do so where the [circuit] court has rendered no decision whatsoever." Grattafiori, 79 Hawaiʻi at 14, 897 P.2d at 941. Even after the circuit court has rendered an oral decision, if the circuit court does not enter a corresponding written order or judgment, then "[a] notice of appeal designating [the] oral order is nugatory." State v. Bulgo, 45 Haw. 501, 504, 370 P.2d 480, 482 (1962) (internal quotation marks omitted).

The record on appeal for CAAP-12-0000471 does not contain a final written order or final written judgment that resolves Appellant Tierney's HRPP Rule 40 petition for post-conviction relief in S.P.P. No. 12-1-0011. Therefore, Appellant Tierney's appeal is premature and we lack jurisdiction over this appeal. Accordingly,

IT IS HEREBY ORDERED that Appeal No. CAAP-12-0000471 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, July 27, 2012.

Presiding Judge

Associate Judge

Associate Judge

-3-